IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JOHNNIE CAMPBELL, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:14-cv-04012-SLD-JAG |
| CROUCH, U.S. Marshal, and<br>JOHN DOE, U.S. Marshal. | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff Johnnie Campbell's Motion to Proceed In Forma Pauperis, ECF No. 2. His motion was submitted under penalty of perjury and sufficiently demonstrates that Plaintiff should be excused from paying the filing fee in this action. However, Plaintiff's case cannot proceed because (1) he fails to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and (2) fails to name or otherwise reasonably identify Defendant "? U.S. Marshal," *see K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997). Accordingly, Plaintiff's Complaint, ECF No. 1, is DISMISSED without prejudice. Plaintiff's Motion to Proceed In Forma Pauperis, ECF No. 2, and Motion to Request Counsel, ECF No. 3, are therefore MOOT. Plaintiff has until May 2, 2014, to file an amended complaint, and may renew his motions for in forma pauperis status and appointment of counsel at that time.

# BACKGROUND[1]

Plaintiff—who is not a prisoner—filed this complaint on January 21, 2014, on a form designed primarily for pro se prisoners challenging the constitutionality of their confinement. He checked "unknown" in the field asking for "federal legal basis" for the complaint. Plaintiff named as defendants "U.S. Marshal Crouch" and "? U.S. Marshal," and a third person, "Erica,"[2] who he then crossed out.

To the best of the Court's ability to decipher Plaintiff's handwritten and frequently-crossed-out allegations, Plaintiff is taking issue with Rock Island Federal Courthouse security for restraining his attempts to speak with a particular deputy clerk. According to his complaint, he came to the courthouse in late December or early January, seeking the clerk's office. He said he was stopped by courthouse security at the door and then directed to the third floor. He said he found the 3rd floor door locked, then remembered that the clerk's office was actually on the 2nd floor. He found the clerk's office there, but the door was locked and no one came to open it during the period he waited. He said the security officers told him "Erica," the deputy clerk, "might be gone." He left.

Plaintiff returned around 2 p.m. on January 10, 2014. Again he claims he was greeted at the door by courthouse security, this time specifically by Officer Crouch. Officer Crouch asked where he was going, was told the clerk's office on the second floor to get paperwork, and "hesitated as if he didn't want [Plaintiff] going up there." Officer Crouch then said the deputy clerk was in, but

---

[1] In deciding a motion to dismiss, all well-pleaded allegations in the Complaint are taken as true and viewed in the light most favorable to the plaintiff. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012) (citation omitted). Accordingly, unless otherwise noted, the statement of facts in this section is based solely on allegations in the Complaint. Compl. 1–8, ECF No. 1.

[2] It appears from the complaint form's caption that Plaintiff originally intended to sue a third person, "Erica," but then later changed his mind, crossing her off of the field where the form asks a plaintiff to list and provide title and addresses for the defendants. Compl. 1–2. The Court interprets this to mean Plaintiff ultimately decided against suing "Erica."

quickly retracted that and said he did not know if she was in the office. Officer Crouch placed a phone call and the told Plaintiff that he could not see the deputy clerk that day. Plaintiff claims he said he would wait for her to be available, but Officer Crouch told him to leave and threatened to arrest him for loitering. But Plaintiff claims Officer Crouch also told him to come back an hour later. Confused, Plaintiff went outside, where he claims he saw the deputy clerk in her office through a window. Plaintiff went back in, brought an officer outside, and pointed up at "Erica," but the officer refused to look. Plaintiff left and came back an hour later. Officer Crouch called the deputy clerk, who brought the requested paperwork to Plaintiff in the lobby.

Plaintiff returned to the courthouse on January 14, 2014. The "? U.S. Marshall" stopped him and said he could not go upstairs to the deputy clerk's office to drop off his paperwork. Plaintiff said the unnamed officer "got in [his] face and was verbally abusive," calling him "boy," placing his hands on plaintiff, and saying something about cameras—either that there were "new" or "no" cameras. That was apparently the end of the episode. Plaintiff requests "relief for mental and emotional distress. I can't take this. They are causing me to become paranoid [and get] headaches."

## DISCUSSION

### I. Legal Standard

District courts may screen complaints prior to service on the defendants and must dismiss complaints that fail to state a claim upon which relief may be granted. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (citing 28 U.S.C. § 1915(e)(2)(B)(ii)). "District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). The plausibility standard governing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) applies to such

3

screening. *See, e.g.*, *Davit v. Stogsdill*, 371 F. App'x 683, 684 (7th Cir. 2010); *Wyatt v. Hargadine*, No. 13-3150, 2013 WL 5678508, at *2 (C.D. Ill. Oct. 18, 2013). That is, the complaint must "describe the claim in sufficient detail to give the defendant 'fair notice of what the claim is and the grounds upon which it rests'" and its factual allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). However, a court must treat all well-pled factual allegations as true, and pro se pleadings in particular are to be liberally construed. *See Gomez v. Randle*, 680 F.3d 859, 864-65 (7th Cir. 2012).

Federal Rule of Civil Procedure 8(a)(1) requires a valid claim for relief to include "a short and plain statement for the grounds of a court's jurisdiction." A complainant need not state the statutory basis for jurisdiction "if the facts alleged provide a basis for the assumption of jurisdiction." *Rohler v. TRW, Inc.*, 576 F.2d 1260, 1264 (7th Cir. 1978). Asserting claims against an unnamed defendant is disfavored by the Seventh Circuit, although district courts have discretion to sustain such claims. *Kennington v. Carter*, 216 F. Supp. 2d 856, 857 (S.D. Ind. 2002) (citing *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) and *K.F.P.*, 110 F.3d at 519). "To know that one has been injured tortiously but not by whom ... is not a ground for filing suit before the plaintiff knows who injured him and who therefore should be named as the defendants." *Billman v. Indiana Dep't of Corrections*, 56 F.3d 785, 789 (7th Cir. 1995). However, suits should not be dismissed based on failure to name a party where a plaintiff "could not reasonably be expected to identify the wrongdoers without aid of pretrial discovery," such as where the plaintiff is a prisoner and limited in his ability to investigate his claim. *See id.* Courts pursue a variety of

4

remedial measures in such circumstances, including dismissing claims against unnamed defendants where their anonymity was due to "lack of reasonable inquiry" by the plaintiff, while granting leave to file an amended complaint with actual names. *See Kennington*, 216 F. Supp. at 858 (citing *Stratton v. City of Boston*, 731 F. Supp. 42, 45 (D. Mass. 1989)).

**II. Analysis**

At the threshold, Plaintiff's complaint raises grave doubts about the Court's subject matter jurisdiction to hear his case. Here, Plaintiff expressly indicates that the grounds of jurisdiction are "unknown." And, Plaintiff omits helpful allegations—such as references to federal law or legal concepts, or facts suggesting the parties' domiciles or the value of the injuries at issue, *see* 28 U.S.C. §§ 1331–32—that would permit the Court to infer a basis for jurisdiction.

Moving on to the substance of the complaint, Plaintiff's allegations simply do not indicate that Officer Crouch injured Plaintiff in any fashion compensable at law or equity. Taking Plaintiff's allegations as true and construing them as liberally as possible given his pro se status, *see Gomez*, 680 F.3d at 864–65, the closest thing to a cognizable cause of action that the Court can infer is a 42 U.S.C. § 1983 claim against Officer Crouch based on denial of access to courts. *See London v. RBS Citizens, N.A.*, 600 F.3d 742, 745-46 (7th Cir. 2010) (noting that the elements of a § 1983 claim are (1) a person acting under color of state law (2) deprives plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States); *Vasquez v. Hernandez*, 60 F.3d 325, 328 (7th Cir. 1995) (holding that denial of access to courts can provide a basis for a § 1983 claim). However, Plaintiff only alleges that Officer Crouch impeded his access *to the deputy clerk in her office and at particular times*, albeit in a confrontational manner. Plaintiff's access to court services was not harmed: he obtained his desired court documents when Officer Crouch called the deputy

clerk to deliver the documents to Plaintiff in the lobby. And, if Plaintiff is asserting a different legal claim against Officer Crouch, Plaintiff's bare and mysterious allegations do not provide Crouch (or the Court) with notice of what that claim is. *See Concentra Health Servs., Inc.*, 496 F.3d at 776. Accordingly, Plaintiff has failed to state a claim against Officer Crouch.

Likewise, Plaintiff's allegations regarding "? U.S. Marshall" are insufficient to determine the nature of Plaintiff's claim against him or her. Plaintiff has not plausibly alleged anything inconsistent with a law enforcement officer unexceptionally and legitimately stopping him for security purposes at the courthouse door. *See Twombly*, 550 U.S. at 567 (holding that allegations of conspiracy were insufficient where facts were at least equally consistent with alternative law-abiding behavior explanation).

Further, Plaintiff provides no reason for his inability to name this officer. As he is pro se, the Court necessarily applies a light touch in determining Plaintiff's reasonable capacity to identify this Defendant without the benefit of pretrial discovery procedures. *See Billman*, 56 F.3d at 789. However, Plaintiff's ability to discover and provide the names of other actors, such as Officer Crouch and deputy clerk "Erica," under similar circumstances at the same location, undermines the reasonableness of Plaintiff's failure to do so for "? U.S. Marshall." This suggests that Plaintiff's failure to name the unknown officer is due more to lack of reasonable inquiry than external limitations on his ability to investigate the facts underlying his suit. *See id.*; *Stratton*, 731 F. Supp. at 45.

If the Court could reasonably infer who Plaintiff was referring to based on a limited set of eligible candidates, the lack of name may not matter. Without knowing whether Plaintiff is referring to a Court Security Officer, deputy U.S. Marshal, or any of the other types of officers present in the

courthouse on a given day, the Court would not know what entity to serve with Plaintiff's Complaint in order to facilitate discovery of Defendant's identity.

Given these circumstances, the Court also dismisses without prejudice any claims against "? U.S. Marshall." Plaintiff may file a new complaint with allegations sufficient to state a plausible claim for relief against any or all Defendants; the amended complaint should also identify any unknown Defendants or provide reasonable grounds for Plaintiff's inability to do so at this stage.

## CONCLUSION

Plaintiff's Complaint, ECF No. 1, is DISMISSED without prejudice. Plaintiff's Motion to Proceed In Forma Pauperis, ECF No. 2, and Motion to Request Counsel, ECF No. 3, are MOOT. Plaintiff may file an amended complaint addressing the deficiencies described above. In light of Plaintiff's transient status and recent hospitalization, the Court will allow Plaintiff an extended period to amend his Complaint: Plaintiff must file any amended complaint by May 2, 2014, or else the case will be closed. Plaintiff may renew his motions for in forma pauperis status and appointment of counsel at that time.

Entered this 4th day of April, 2014.

s/ Sara Darrow<br>
SARA DARROW<br>
UNITED STATES DISTRICT JUDGE